■ KATHERINE LLOYD, Appellant, v YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE CITY OF NEW YORK, Also Known as YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER NEW YORK, Respondent. [723 NYS2d 182] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered February 14, 2000, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about November 12, 1999, which denied plaintiff's motion to compel a nonparty deposition, and granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law and the facts, without costs, the motion to compel the nonparty deposition granted, the motion for summary judgment denied with leave to renew either following the nonparty deposition or 120 days after service of the court order compelling compliance with the subpoena, and the matter remanded for further proceedings consistent herewith.

The motion court erred in denying plaintiff's motion to compel the deposition of Agnes Zamor. Ms. Zamor was defendant's only locker room attendant on the day of the incident in which plaintiff was injured. Obtaining her testimony as to the condition of the bathroom on that date was therefore vital. Defendant suggests that Ms. Zamor's deposition is unnecessary because according to Mr. Mulroy, defendant's Executive Director of Facility Operations, other employees reported to him that Ms. Zamor had no personal knowledge of the bathroom's condition at the time of plaintiff's accident. However, a nonparty deposition should not be precluded based upon such hearsay reports.

Nor do we find that plaintiff substantially or unreasonably delayed in attempting to obtain this necessary deposition. It was not until defendant provided plaintiff with the deposition of Thomas Mulroy on September 11, 1998 that plaintiff first learned that Ms. Zamor was no longer employed by defendant. Although plaintiff asked at that time for Ms. Zamor's last known address, defendant failed to provide it. Defendant still had not provided her address by December 9, 1998, when the parties stipulated that plaintiff's note of issue could be filed

while plaintiff reserved her right to obtain the contemplated nonparty deposition while the action was on the trial calendar. It was not until March 10, 1999 that defendant finally provided plaintiff with the last known address of the former attendant.

Plaintiff's service of a subpoena and notice of nonparty deposition on Ms. Zamor on May 5, 1999 was not unreasonably delayed, given the date on which her address was provided, and given defendant's intervening service of its summary judgment motion less than one month later.

Furthermore, it was only upon Ms. Zamor's failure to appear as directed on May 25, 1999 that plaintiff had a right to seek a court order compelling her attendance (CPLR 2308 [b]). The two-month delay before plaintiff actually moved to compel the nonparty deposition was not so extensive as to warrant outright denial of the relief, particularly when it is recalled that during the same period plaintiff had to determine how to respond to defendant's summary judgment motion. Concur—Andrias, J. P., Ellerin, Rubin, Saxe and Friedman, JJ.